[Cite as *Lakewood v. M.T.S.*, 2025-Ohio-5634.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

|  |  |  |
|---|---|---|
| CITY OF LAKEWOOD, | : | |
| Plaintiff-Appellee, | : | No. 114988 |
| v. | : | |
| M.T.S., | : | |
| Defendant-Appellant. | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 18, 2025

---

Civil Appeal from the Lakewood Municipal Court
Case No. CRB2300524

---

### *Appearances:*

Myriam A. Miranda, Lakewood Prosecuting Attorney, and Andrew N. Fleck, Assistant Prosecuting Attorney, *for appellee.*

Milton and Charlotte Kramer Law Clinic, Case Western Reserve University School of Law, Andrew S. Pollis and Melissa A. Ghrist, Supervising Attorneys, Christopher M. Doyle and Carsen Thompson, Legal Interns, *for appellant.*

DEENA R. CALABRESE, J.:

{¶ 1} Defendant-appellant M.T.S. appeals the City of Lakewood's ("the City") order denying his motion to seal the case containing his conviction for violating an

ex parte protection order. For the reasons stated below, we affirm the trial court's order denying M.T.S.'s motion to seal the case.

## I. Facts and Procedural History

{¶ 2} M.T.S. has filed nine appeals with this court stemming from an incident that occurred between M.T.S. and N.S. in Lakewood, Ohio on April 2, 2023. This appeal and some of the prior appeals are related to an ex parte protection order (a.k.a. temporary protection order) granted by the Cuyahoga County Common Pleas Court ("CCCP"), including [*M.T.S.*] *v. Neff*, 2024-Ohio-1881 (8th Dist.), *N.S. v. M.S.*, 2024-Ohio-6020 (8th Dist.), and *Lakewood v.* [*M.T.S.*], 2025-Ohio-2447 (8th Dist.). A more detailed recitation of the facts outlining the events that led to the ex parte protection order can be found in *N.S.* at ¶ 6-10.

{¶ 3} Relevant to this case, M.T.S. was the respondent in a request for a civil stalking protection order ("CSPO") filed with the CCCP. The CCCP issued an ex parte protection order on April 11, 2023, prohibiting M.T.S. from contacting the petitioner, N.S. Lakewood Police Detective Heather Herpka later testified that through the course of her investigation of M.T.S.'s violation of the ex parte protection order she learned that M.T.S. was served with the ex parte protection order by certified mail on May 1, 2023. *Lakewood* at ¶ 3. M.T.S. subsequently sent a letter to N.S., which she received on June 8, 2023, at her home in Lakewood, Ohio. Because sending the letter was a violation of the ex parte protection order, M.T.S. was charged in the Lakewood Municipal Court on June 16, 2023, for violating a protection order pursuant to R.C. 2919.27. On July 17, 2023, the CCCP denied N.S's

petition for a protection order after a full hearing. On December 18, 2023, the CCCP sealed the case pursuant to R.C. 2903.214(G)(2). In response to N.S.'s motion, on March 8, 2024, the CCCP unsealed the records so that N.S. could obtain court documents to use in the prosecution of M.T.S.'s violation of the ex parte protection order. M.T.S. appealed the order unsealing the records. *See N.S. v. M.S.* This court ruled that the records should never have been unsealed and vacated the trial court's order unsealing the records. *Id.* While that appeal was pending, the City used the unsealed documents and M.T.S. was convicted of violating the ex parte protection order in the Lakewood Municipal Court.

{¶ 4} The present appeal concerns M.T.S.'s January 29, 2025 motion to seal the 2024 Lakewood case. M.T.S.'s motion specifically requested that the trial court seal the case consisting of a conviction for violating the ex parte protection order and a partially completed sentence. In his motion, M.T.S. asserted that the entire case should be sealed pursuant to R.C. 2903.214(G)(2). On March 20, 2025, the trial court held a hearing on M.T.S.'s motion. At the hearing, M.T.S. asked the trial court to "seal[] the materials from this court that speak to the protection order case at all." (Tr. 9.) The City pointed out that most of the records from the temporarily unsealed CSPO were filed under seal in the Lakewood case, and thus not available to be viewed by the public. The two items that were not filed under seal were a few statements from a transcript and a page from the certified ex parte protection order.

{¶ 5} On March 20, 2025, the trial court denied M.T.S.'s motion to seal the case, finding as follows:

The defendant seeks to seal the record of conviction in this court. The authority cited by the defendant is R.C. 2903.214(G)(2), Petition for protection order in menacing by stalking cases. The court finds that the statute is inapplicable to the City of Lakewood case. This court did not issue the protection order. Rather, the order originated from the Cuyahoga County Court of Common Pleas. That court has the authority to seal the protection order and all the records pertaining to that order within the Common Pleas Court. The court further finds the instant case is not ripe for sealing.

{¶ 6} M.T.S. raises the following assignment of error for our review:

The Lakewood Municipal Court erred in denying [M.T.S.'s] motion to seal its record in this case.

## II. Law and Analysis

{¶ 7} In his sole assignment of error, M.T.S. asserts that the Lakewood Municipal Court erred when it denied his motion to seal its record in the case.

{¶ 8} In his motion to seal the case filed with the trial court, M.T.S. requested that the case containing his conviction for violating a temporary protection order be sealed pursuant to R.C. 2903.214(G)(2). In response to the City's contention that the sealing of M.T.S.'s conviction is only possible pursuant to R.C. 2953.32, M.T.S. specifically stated that "whether [M.T.S.'s] case is eligible for sealing under R.C. 2953.32 is not relevant; [M.T.S.] did not seek relief on that basis." (M.T.S. reply brief at p. 4) Therefore, we only address M.T.S.'s assertion that the case should be sealed pursuant to R.C. 2903.214(G)(2).

{¶ 9} R.C. 2903.214(G)(2) states as follows:

If as provided in division (G)(1) of this section an order issued under this section, other than an ex parte order, refuses to grant a protection order, the court, on its own motion, shall order that the ex parte order issued under this section and all of the records pertaining to that ex parte order be sealed after either of the following occurs:

(a) No party has exercised the right to appeal pursuant to Rule 4 of the Rules of Appellate Procedure.

(b) All appellate rights have been exhausted.

{¶ 10} R.C. 2903.214(A)(1) defines "court" as "the court of common pleas of the county in which the person to be protected by the protection order resides." R.C. 2903.214(G)(2) directs the court that issued the ex parte protection order to seal the records pertaining to ex parte protection orders after refusing to grant a protection order. In this case, the CCCP issued the ex parte protection order, refused to grant a protection order, and later sealed the records pertaining to the ex parte protection order. M.T.S.'s motion requested that the Lakewood Municipal Court seal the record in the Lakewood case pursuant to R.C. 2903.214(G)(2).

{¶ 11} The issue presented in this case is whether, pursuant to R.C. 2903.214(G)(2), a court that did not issue the ex parte protection order has the authority or discretion to seal the record in a different case because it involves the ex parte protection order. We find that it does not.

{¶ 12} "[A] trial court's decision regarding the sealing of the records is reviewed for an abuse of discretion." *N.S.*, 2024-Ohio-6020, at ¶ 18 (8th Dist.). This court recently reviewed a similar issue with the same parties involved in this case. In *N.S.*, pursuant to R.C. 2903.214(G)(2), the trial court sealed the records related to an ex parte protection order after refusing to grant a protection order. *Id.* at ¶ 13. The records were later unsealed so that N.S. could obtain a copy to further the prosecution of M.T.S.'s violation of the ex parte protection order. M.T.S. appealed the unsealing. The *N.S.* Court found that

R.C. 2903.214 does not provide for any circumstances where a sealed record may be unsealed. Applying the holding of [*State v. Vanzandt*, 2015-Ohio-236, ¶ 1] we conclude that the trial court here does not have discretion to unseal the records after the records have been sealed as mandated by R.C. 2903.214(G)(2). *The court has no authority to judicially create exceptional circumstances for unsealing a properly sealed record when none are provided by the legislature.*

(Emphasis added.) *N.S.* at ¶ 25.

{¶ 13} When interpreting the language of a statute,

a court must first look to the language of the statute itself to determine the legislative intent. If the inquiry reveals that the statute conveys a meaning which is clear, unequivocal and definite, at that point the interpretive effort is at an end, and the statute must be applied accordingly.

*State v. Rhodes*, 1998 Ohio App. LEXIS 1112, *11 (10th Dist. Mar. 24, 1998), citing *Shover v. Cordis Corp.*, 61 Ohio St.3d 213, 218 (1991). In this case, the language of R.C. 2903.214(G)(2) is clear, unequivocal, and definite. The statute is limited in its application to the CCCP and the records related to the CSPO petition filed by N.S. seeking a protection order against M.T.S. There are no provisions in R.C. 2903.214(G)(2) for the sealing of records in courts other than the CCCP and the records in the CSPO filing. The Lakewood Municipal Court does not have the authority to create judicially exceptional circumstances for sealing records when none are provided by the legislature. Further, M.T.S. has not provided any legal authority to support his contention that R.C. 2903.214(G)(2) extends to any court other than the CCCP or any case other than the CSPO.

{¶ 14} In addition, the Lakewood Municipal Court is not required to seal its case simply because it contains information found in the sealed case. "'[S]ealing a

record of conviction "simply provides a shield from the public's gaze.""" *M.T.S.*, 2024-Ohio-1881, at ¶ 12 (8th Dist.), quoting *State v. T.J.D.*, 2020-Ohio-3745, ¶ 14 (2d Dist.), quoting *State v. Aguirre*, 2014-Ohio-4603, ¶ 5, fn. 2, citing former R.C. 2953.32(D).

> Contrary to [M.T.S.'s] arguments, *the sealing of a court proceeding does not prohibit any and all discussion or use of information related to those proceedings.* Further, this demonstrates that the sealing of a court record or proceeding does not present a jurisdictional bar to the discussion of information that may be related to that which is found in sealed records where independent evidence and testimony can be adduced and where those records were obtained from sources other than the officially sealed record.

(Emphasis added.) *Id.* at ¶ 14.

{¶ 15} In his briefs across these appeals, M.T.S. frequently asserts that the violation of an ex parte protection order is "dissolved," or never happened, upon the trial court's refusal to issue a protection order. We disagree. This outcome creates a loophole that effectively takes the teeth out of the protection afforded to petitioners by ex parte protection orders. *See Lakewood*, 2025-Ohio-2447, ¶ 29 (8th Dist.) (Sheehan, J., concurring). This is an outcome certainly not intended by the legislature.

{¶ 16} For the reasons stated above, M.T.S.'s sole assignment of error is overruled. The trial court's order denying M.T.S.'s motion to seal the case is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

DEENA R. CALABRESE, JUDGE

SEAN C. GALLAGHER, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR